UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISA ANDUNDIA-CARILLO, <br><br> Plaintiff, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Defendants. | Case No. 25-cv-10380-VC <br><br> **ORDER GRANTING PRELIMINARY INJUNCTION** <br><br> Re: Dkt. Nos. 6, 10, 11 |

    The motion for a preliminary injunction is granted. This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

    Andundia-Carrillo has shown a likelihood of success on the merits. Under the Due Process Clause, the government's deprivation of a constitutionally protected liberty interest must be accompanied by adequate procedural protections. *See Duong v. Kaiser*, 2025 WL 2689266, at *3 (N.D. Cal. Sept. 19, 2025). Andundia-Carrillo has shown that she possesses a constitutionally protected interest in remaining free from detention. She has no criminal history. Dkt. No. 1-2 ¶ 10. After she was initially detained in January 2022, she was voluntarily released by the government two months later. *Id.* ¶ 9. Since her release, she has lived continuously in the United States with her family, has complied with all of ICE's reporting requirements, and has provided support for her four children. *Id.* ¶¶ 11-12. She has accordingly established the "enduring attachments of normal life" that give rise to a protected liberty interest. *Duong*, 2025 WL 2689266, at *4 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

    The government argues that because Andundia-Carillo is subject to mandatory detention

under 8 U.S.C § 1225(b)(2), she should be "treated for constitutional purposes as if stopped at the border." Dkt. No. 10, at 3-4 (citing *DHS v. Thuraissigiam*, 591 U.S. 103 (2020)). That is likely incorrect. Regardless of what provision of the INA applies here, the Supreme Court has never held that a petitioner who is subject to mandatory detention (but is subsequently released for years) can be re-detained without a hearing. Although *Thuraissigiam* did hold that applicants for admission at the "threshold of initial entry" cannot claim any greater rights under the Due Process Clause than what is afforded by statute, the Supreme Court contrasted the petitioner in that case, who was apprehended only 25 yards from the border, to petitioners like Andundia-Carrillo, "who . . . [has] due process rights in deportation proceedings" because of her "established connections in this country." *Id*. at 107.

The government further urges that, even if Andundia-Carrillo is entitled to a bond hearing, that hearing should occur post-detention. Dkt. No. 6, at 5. No binding authority supports that approach. The government cites *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), but that case is inapposite. In *Rodriguez Diaz*, the Ninth Circuit held that an already-detained petitioner whose initial bond application was denied by an immigration judge was not entitled to a second bond hearing, even though a year had passed since his initial bond hearing. That posture is not at all analogous to the situation here: Unlike the petitioner in *Rodriguez Diaz*, Andundia-Carrillo was initially released and has remained released for years. *See* Dkt. No. 1-2 ¶¶ 14-15. *Rodriguez Diaz* therefore does not limit the Due Process rights of those petitioners whom the government had already voluntarily released.

Beyond this, the burden to the government of holding a pre-deprivation hearing would be minimal, and the risk of erroneous deprivation is significant. *See Duong*, 2025 WL 2689266, at *6-9. The factors articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), thus support the Andundia-Carrillo's right to such a hearing.

For the same reasons given in the order granting a TRO, Andundia-Carrillo has made a sufficient showing as to the other factors that the Court must consider before granting a preliminary injunction. Dkt. No. 6, at 4-5. The government is therefore enjoined and restrained

from re-detaining her while this litigation is pending, unless the government gives her a pre-deprivation hearing before a neutral decisionmaker or can demonstrate in a motion to vacate the preliminary injunction that the circumstances have changed such that a pre-deprivation hearing is no longer required.

A case management conference is set for February 27, 2026.

**IT IS SO ORDERED.**

Dated: December 17, 2025

_____
VINCE CHHABRIA
United States District Judge